Eduardo Marín Marién, Plaintiff and Appellee, *v.* Alfonso Herrera, ·Defendant and Appellant.

No. 8938. Argued November 9, 1944.—Decided November 13, 1944

*Eduardo Pérez Casalduc* for appellant.  *Luis Mercader* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

In the complaint filed in this case, it is alleged that plaintiff is the owner of a farm which adjoins on the cast a property belonging to the defendant; that on the north of plaintiff's estate lies the source of a brook or *quebrada* whose waters flow through plaintiff's land "and descend, along the eastern side of his property, until they reach the southeastern portion thereof, where it continues to flow in a southerly direction, forming the boundary with Juan Palop." At a point south of plaintiff's land and north of that of Juan

Palop, the defendant has erected, on the brook's bed, a solid stone wall, about half a meter high, which he uses to cross from one side of the brook to the other. Said wall has no perforation or outlet to allow the passage of the waters, and the latter are held back and flood the land, injuring plaintiff's plantations and crops and giving rise to the formation of breeding places for mosquitoes in the stagment waters, which cause disease among the members of plaintiff's family and the laborers employed by him. He further alleged that if the nuisance created by the defendant continued unabated, it would cause irreparable damages to him and would give rise to a multiplicity of suits and vexations. He prayed for a judgment ordering the defendant to demolish the structure erected by him and to allow the free flow of the waters through their channel.

The defendant denied the essential averments of the complaint, and on the contrary alleged that the construction work performed by him ''was confined to rendering serviceable, through filling with stones the channel of the intervening brook, a public road which was used by the defendant and other farmers for the transportation of the products of their respective farms to the market.''

After hearing the case on the merits, the lower court found from the evidence introduced that at the time of the filing of the complaint the defendant had obstructed the stream by placing therein stones which formed a retaining wall, thereby damming up the waters and causing them to flood plaintiff's land; that at the time of the trial such an obstruction no longer existed and there remained only some stones on the sides of the brook, without there being any danger of inundation; and that, although the nuisance had practically ceased, the plaintiff was entitled to a judgment in his favor in order to prevent the defendant from again obstructing the flow of the waters, and to enable the plaintiff to recover the costs of the suit. The lower court issued

the injunction sought and adjudged the defendant to pay the costs and $50 as attorney's fees.

In support of his appeal, the defendant-appellant urges that the lower court erred in decreeing an injunction when the obstruction complained of by the plaintiff had already been removed by freshets or rises of the stream and did not exist at the time the hearing was held.

The lower court did not err in decreeing the injunction. The evidence introduced by the plaintiff and believed by the trial court showed that the stone wall which obstructed the free flow of the waters had been erected by the defendant; that on several previous occasions, after a rise of the brook had carried away the wall, the defendant rebuilt it; and that if the wall did not exist and the waters were not dammed up at the time of the trial, this was due, not to any action on the part of the defendant in removing the wall and the debris which he used to hold back the waters, but to the fact that a freshet which occurred subsequent to the filing of the complaint and before the trial, had carried away the obstruction.

The fact that the defendant owns the land on both sides of the place where he built the wall does not entitle him to construct any work which might cause a deviation of the waters from their natural course, to the prejudice of another person. An adjoining landowner, such as is the plaintiff herein, has a right to demand that the waters flow through their natural course, in accordance with the old maximum "aqua currit et debet currere ut currere solebat," which has been incorporated into our law by §§ 31, 33, 52, and 53 of the Law of Waters (Comp. Stat. 1911, pp. 458–94).

The judgment appealed from should be affirmed.